IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DECARLOS DEJUAN BROWN, JR.,<br><br>*Defendant.* | Case No. 3:25-CR-300-KDB-DCK<br><br>**MOTION FOR PSYCHIATRIC/ PSYCHOLOGICAL EXAMINATION & COMPETENCY HEARING** |

Mr. Brown is currently scheduled to appear before this Court for an initial appearance on the charge of violence against a railroad carrier and mass transportation system resulting in death (18 U.S.C. § 1992(a)(7), (b)(1), (c)(1)) on December 11, 2025. He faces the death penalty if convicted. 18 U.S.C. §§ 3591, 3592.[1]

His attorneys have reason to believe that he is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 § U.S.C. 4241. They therefore move this Court to (1) order that Mr. Brown undergo a psychiatric or psychological examination to determine his current mental competency to face the charges against him and to possibly face the death penalty, and (2) to hold a hearing on his competency to proceed.

A defendant cannot be tried if he lacks the mental competency to stand trial. *See Pate v. Robinson*, 383 U.S. 375 (1966); *Dusky v. United States*, 362 U.S. 402 (1960). He also cannot be executed if he is incompetent. *See Ford v. Wainwright*, 477 U.S. 399

---

[1] Mr. Brown is also charged with First Degree Murder by the State of North Carolina based on the same alleged conduct relied on in the federal charge.

(1986). These standards are codified in 18 U.S.C. §§ 4241 et seq. 18 U.S.C. §4241(a) provides that the Court "shall grant" a motion for a hearing to determine the defendant's current mental competency "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

Before holding such a hearing under 18 U.S.C. §4241(a), the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(b). This Court has the discretion to commit the defendant to the custody of the Attorney General or to proceed with a local examiner for the examination. *See* 18 U.S.C. §§ 4241(b) and 4247(b); *United States v. Council*, 77 F.4th 240, 248 (4th Cir. 2023).

The defense team has met with Mr. Brown on numerous occasions at the Mecklenburg County Jail. In addition, as this Court and the government are no doubt aware, the media has reported that Mr. Brown has a documented history of both mental illness and his many attempts to seek treatment.[2] What's more, Mr. Brown is currently undergoing a capacity evaluation by the State of North Carolina, which was ordered by the state court on August 29, 2025. *See* Exhibit 1 (Motion and Order Committing

---

[2] Julia Coin, *CMPD bodycam shows man begged for help months before Charlotte light rail attack*, https://www.charlotteobserver.com/news/local/crime/article313114062.html (updated Nov. 26, 2025); Rachel Crumpler, *Is Charlotte train stabbing suspect mentally fit for trial? Court-ordered evaluation process may take months*, https://www.northcarolinahealthnews.org/2025/10/02/charlotte-train-stabbing-suspect-capacity-to-proceed-mental-evaluation/ (Oct. 2, 2025); Kaitlyn Morris, et al., *Mother, sister of Charlotte stabbing suspect describe history of mental illness*, https://abcnews.go.com/US/mother-sister-charlotte-stabbing-suspect-describe-history-mental/story?id=125451590 (Sept. 10, 2025).

Defendant to Central Regional Hospital – Butner Campus for Examination on Capacity to Proceed). It is estimated that the state's evaluation will be completed, and a report filed, by end of January 2026. *See generally* N.C. Gen. Stat. § 15A-1002(b)(2); (b2)(2).

Based on their meetings with Mr. Brown and their review of the available limited records and information, counsel have serious concerns about Mr. Brown's ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. They therefore move this Court to order a psychological evaluation to determine whether Mr. Brown has the mental competency required to stand trial on the charges against him and to possibly face the death penalty. Counsel request that the Court not enter the order until after the state competency process has been completed, so as not to interfere with the ongoing competency process in that jurisdiction.

Dated: December 10, 2025

                                            Respectfully Submitted,

                                            s/ Megan C. Hoffman
                                            Megan C. Hoffman
                                            First Assistant
                                            Federal Defender, Western District of NC
                                          129 W. Trade St., Ste. 300
                                            Charlotte, NC 28202
                                            (704) 374-0720
                                            Megan_Hoffman@fd.org

                                            s/ Joshua Snow Kendrick
                                            Joshua Snow Kendrick
                                            Learned Counsel
                                            Kendrick & Leonard, P.C.
                                            7 Mills Ave.
                                            Greenville, SC 29605
                                            (864) 760-4000
                                            Josh@kendrickleonard.com

s/ Kelly Sullivan
Kelly Sullivan
Assistant Federal Public Defender
Federal Defender, Western District of NC
129 W. Trade St., Ste. 300
Charlotte, NC 28202
(704) 374-0720
Kelly_Sullivan@fd.org

Counsel for Mr. Brown