**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO.: 3:25-cr-00300-KDB-DCK** |
| | ) | |
| **v.** | ) | **RESPONSE TO DEFENDANT'S MOTION FOR PSYCHIATRIC/ PSYCHOLOGICAL EXAMINATION & COMPETENCY HEARING** |
| | ) | |
| **DECARLOS DEJUAN BROWN, JR.** | ) | |
| | ) | |

The United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, files this response to Defendant's motion for psychiatric/psychological examination and competency hearing. The government does not oppose an order that a psychiatric or psychological examination of Defendant be conducted pursuant to 18 U.S.C. § 4241(b). The government opposes, however, Defendant's request to delay the entry of the order until after state competency process is completed.

## I. Background

On August 22, 2025, Defendant stabbed I.Z. to death on the Lynx Blue Line light rail in Charlotte, North Carolina. Defendant was immediately detained and transported to the hospital, where he received treatment for an injury to his hand that he sustained during the stabbing. On August 28, 2025, Defendant was released from the hospital and arrested on state murder charges.

On August 29, 2025, the Superior Court in Mecklenburg County ordered Defendant committed to the Central Regional Hospital, Butner Campus, to determine his capacity to proceed. While Defendant has met with the staff at the Butner Campus, a report regarding Defendant's competency has not been issued.[1]

[1] While Defendant's motion represents that "[i]t is estimated that the state's evaluation will be completed, and a report filed, by end of January 2026," the government does not have information confirming that estimate. Moreover, the state competency report will not be issued

On October 22, 2025, a Grand Jury in Charlotte, North Carolina, returned an indictment against Defendant charging him with a violation of 18 U.S.C. § 1992(a)(7) and (b)(1), which involves violence against a railroad carrier and mass transportation system resulting in death. (Doc. No. 10).

On December 10, 2025, the night before Defendant made his initial appearance, defense counsel moved for (1) an order for a psychiatric or psychological examination to determine his current mental competency and (2) a hearing on his competency to proceed. (Doc. No. 24). Defense counsel further "request[ed] that the Court not enter the order until after the state competency process has been completed, so as not to interfere with the ongoing competency process in that jurisdiction." (*Id*. at 3).

## II. Analysis

The test for mental competence is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "Notably, 'the presence of some degree of mental illness is not to be equated with incompetence. . . .'" *United States v. Bernard*, 708 F.3d 583, 593 (4th Cir. 2013).

This test is incorporated into 18 U.S.C. § 4241, which outlines a specific framework for addressing competency issues. Pursuant to section 4241(a),

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on

---

until the examiners receive Defendant's medical records, which have been the subject of litigation in state court and are currently being reviewed by the court before any production will be made to the examiners. Additionally, it is unclear whether a report will be issued, now that Defendant is in federal custody.

> its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Whether reasonable cause exists under § 4241 is a question left to the discretion of the trial court. *Mason*, 52 F.3d at 1289. "In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it . . . ." *Id.*

"Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). "The hearing shall be conducted pursuant to the provisions of section 4247(d)." 18 U.S.C. § 4241(c).

In this case, the government does not object to a finding of "reasonable cause" based on defense counsel's representations and the state court proceedings. The government does object, however, to delaying the order for a psychiatric or psychological examination of Defendant until the state court is finished with their examination. *See* (Doc. No. 24). Nothing in section 4241 authorizes the delay defense counsel requests. Instead, section 4241(a) contemplates that the Court "shall" order the competency hearing, and section 4241(b) contemplates that the Court "may" order an examination and report to be filed with the Court prior to the hearing.

There is no guarantee that the state court competency evaluation will ever be finalized. The state-court examiners have yet to receive Defendant's medical records because those records are still the subject of litigation and review by the Superior Court. Should the state-court medical examiners want to evaluate Defendant again after reviewing the medical records, whenever they get those records, there is no mechanism to release Defendant to state custody to complete their examination. Moreover, it is unclear whether any competency report would be disclosed to the

federal government. *See* N.C.G.S. § 15A-1002 ("Until such report becomes a public record, the full report to the court shall be kept under such conditions as are directed by the court, and its contents shall not be revealed except" for a few circumstances not applicable here). Waiting for the state-court process to be completed and relying on the state-court process to decide an issue of competency in this federal proceeding is simply not practical.

For the reasons stated above, the government respectfully recommends that the Court order the psychiatric or psychological examination and report and set a hearing to determine Defendant's competency once the federal report is finalized.

Respectfully submitted December 16, 2025.

**RUSS FERGUSON**
**UNITED STATES ATTORNEY**

*s/ Edward Ryan*
Edward R. Ryan, NJ Bar # 029931986
Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
E-mail: Ed.Ryan@usdoj.gov

*s/ Daniel Cervantes*
Assistant United States Attorney
FL Bar Number: 40836
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.338.3115
Fax: 704.227.0197
E-mail: daniel.cervantes@usdoj.gov

**CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Certified on December 16, 2025.

*/s/ Daniel Cervantes*
Assistant United States Attorney