IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CR-300-KDB-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **PRELIMINARY** |
| | ) | **PROTECTIVE ORDER** |
| | ) | |
| DECARLOS DEJUAN BROWN JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Emergency Motion For A Protective Order" (Document No. 47) filed January 5, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

By the instant motion, Defendant seeks "a protective order preventing the Charlotte-Mecklenburg Police Department from releasing or otherwise disclosing any audio or video related to this case to the media until further order of the Court." (Document No. 47, p. 1). In addition to this case, Defendant was charged in North Carolina state court, based on the same underlying incident. (Id.). In October 2025, WSOC-TV moved in state court for release of the body-worn camera footage and 911 calls ("**the recordings**"). (Id. at 2). The state court held a hearing on the motion today and ordered the release of the recordings to WSOC-TV. (Id. at 1).

In the motion before this Court, Defendant contends the release of the recordings will allow the press "to report information directly related to this case but outside the confines of the courtroom." (Id. at 6). Defendant argues "the due process violations from inadmissible or prejudicial evidence being released to the public will put any future proceedings at risk." (Id. at

1

7).  Defendant also contends release of the recordings may jeopardize the safety of individuals, including witnesses interviewed.  (Id. at 4).  Because of these concerns, Defendant seeks "a protective order preventing the Charlotte-Mecklenburg Police Department from releasing or otherwise disclosing any audio or video related to this case to the media until further order of the Court."  (Id. at 7).  Based upon communication with this Court's Clerks Office, it appears WSOC-TV intends to file a response to Defendant's motion shortly.

Federal Rule of Criminal Procedure 16(d) states "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Also, "[a] district court may permit a party to make an ex parte showing of good cause to restrict discovery and, upon such a showing, enter an appropriate protective order."  United States v. Hoffman, 612 F. App'x 162, 171 (4th Cir. 2015).  Courts have the authority to modify protective orders on a case-by-case basis.  See United States v. Bulger, 283 F.R.D. 46, 53 (D. Mass. 2012).

For good cause, the party seeking the protective order has the burden to show disclosure of certain information "'will result in a clearly defined, specific, and serious injury.'"  United States v. Brittingham, 2022 WL 3006849, at *1 (W.D. Va. July 28, 2022) (citing United States v. Smith, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013)).  For example, "the protection of witnesses is a compelling basis for a protective order . . . ."  United States v. Navarro, 770 F. App'x 64, 65 (4th Cir. 2019) (per curiam).

Based on the harms Defendant forecast, the Court finds good cause exists to enter a preliminary protective order.  This is subject to reconsideration after any responses are filed.

**IT IS, THEREFORE, ORDERED** that Defendant's "Emergency Motion For A Protective Order" (Document No. 47) is **GRANTED**.  The Charlotte-Mecklenburg Police Department is **ORDERED** to not disclose any audio or video related to this case, including the

body-worn camera footage and/or the 911 calls, and/or their contents, directly or indirectly to any third-party, including WSOC-TV, until further order of this Court.

**SO ORDERED**.

Signed: January 5, 2026

David C. Keesler
United States Magistrate Judge