IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CR-300-KDB-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DECARLOS DEJUAN BROWN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Psychiatric/Psychological Examination & Competency Hearing" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

By the instant motion, Defendant seeks an examination to determine his competency to proceed. (Document No. 24). Defendant notes he is "currently undergoing a capacity evaluation by the State of North Carolina," which was ordered on August 29, 2025. (Id. at 2). Defense counsel estimated "the state's evaluation will be completed, and a report filed, by end of January 2026." (Id. at 3). Defense counsel requests "the Court not enter the order until after the state competency process has been completed, so as not to interfere with the ongoing competency process in that jurisdiction." (Id.).

The Government filed its "Response To Defendant's Motion For Psychiatric/Psychological Examination & Competency Hearing" (Document No. 35). The Government "does not oppose an order that a psychiatric or psychological examination of Defendant be conducted[,]" but the

1

Government does oppose "Defendant's request to delay the entry of the order until after state competency process is completed." (Id. at 1). The Government claims "[t]here is no guarantee that the state court competency evaluation will ever be finalized." (Id. at 3). The Government also argues "it is unclear whether any competency report would be disclosed to the federal government." (Id. at 3–4). The Government contends "[w]aiting for the state-court process to be completed and relying on the state-court process to decide an issue of competency in this federal proceeding is simply not practical." (Id. at 4).

Defendant filed his "Reply To Government's Response To Mr. Brown's Motion For Psychiatric/Psychological Examination & Competency Hearing" (Document No. 38). Defendant reports he "was committed to Central Regional for evaluation on August 29, 2025," and Defendant's medical records were transmitted to Central Regional in October or November 2025. (Id. at 2). Defendant reports "Central Regional also confirmed to state defense counsel – after being advised that [Defendant] is now in federal custody – that they intend to file a written report." (Id.) Defendant predicted Central Regional's evaluation period ended on or about January 2, 2026, and the written report would be due within thirty days. (Id. at 2–3). Finally, Defendant contends if the Government agrees to have him evaluated in North Carolina then he "will not object to effectuating the federal competency process immediately." (Id. at 4).

The Court permitted the Government to file a brief surreply addressing whether the Government agrees to have Defendant evaluated in North Carolina. (Document No. 41). There are eleven Bureau of Prisons ("**BOP**") facilities that are "equipped and employed to carry out competency evaluations," and the BOP faces "many logistical hurdles . . . in carrying out its statutory obligations when ordered by a court within the statutory timeframes." (Id. at 1–2). The Government argues "[d]esignation to the proper facility is thus a decision within the discretion of

2

the BOP, which juggles these many priorities, and not the responsibility of the U.S. Attorney's Office." (Id. at 2). The Government explains it "agrees North Carolina would be a logical placement in this case, [but] it cannot agree on behalf of the BOP that Defendant will be evaluated at the one facility in this state." (Id.) The Government further explains "BOP follows a process to ensure timely and fair service within the confines of the governing statutes, and to so agree would unfairly strain the BOP and risk putting other defendants in a worse position." (Id.) The Government "believes placement by the BOP will ensure the most efficient and speedy resolution with the highest quality of care and evaluation for the Defendant." (Id.) The Government also suggests "the Court may recommend a procedure outside of normal BOP processes." (Id. at 2 n.1).

To start, the Court addresses Defendant's request that this Court not address his motion until after the state court's competency hearing has concluded. Notably, in a filing for another motion, Defendant argued his "case in federal court is now the primary jurisdiction for prosecution." (Document No. 47, p. 3). Defendant cannot have it both ways. Defendant cannot simultaneously argue this Court should defer and delay its proceedings in favor of the state court's process. Additionally, the Court notes the state court competency evaluation has likely concluded, and Defendant estimates a report should be filed within the next few weeks. (Document No. 24, p. 3). Therefore, at this point in time, action by this Court will not interfere with the state court's process and this Court's examination can begin.

The Court also addresses the timing of an order. "At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental capacity of the defendant." 18 U.S.C. § 4241(a). "The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently

3

be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. Generally, courts are not obligated to address a motion to determine the mental capacity of a defendant within a specific time frame. See United States v. Morales-Gonzalez, 376 F. Supp. 2d 1071, 1072 (D.N.M. 2005) ("[T]he law does not require the [competency evaluation] be held within the four months allowed for the Attorney General to evaluate him . . . ."). However, courts should not leave a defendant in pretrial custody for years, and any delay should be reasonable. See United States v. Tucker, 60 F.4th 879, 883, 889–90 (4th Cir. 2023). This Court issued an "Application For Writ Of Habeas Corpus Ad Prosequendum" (Document No. 17) on December 8, 2025. Defendant had his initial appearance on December 10, 2025. (Minute Entry, Dec. 10, 2025). Defendant has been in federal custody a little over a month, and after thorough consideration, the Court does not find there is a basis to delay entering an order.

Under these circumstances, the Court will grant Defendant's motion. Upon examination of the record, Defendant's motion, and the filings, the Court finds first that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The record thus indicates that Defendant may be mentally incompetent and is, therefore, entitled to have a psychological or psychiatric examination conducted as provided by 18 U.S.C. §§ 4241(a), (b).

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion For Psychiatric/Psychological Examination & Competency Hearing" (Document No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. § 4247(b), Defendant be committed forthwith to the custody of the Attorney General for placement in a suitable facility for the purpose of a psychological or psychiatric examination of Defendant pursuant to 18 U.S.C. §§ 4241(a) and (b). The reports of such examination dealing with the issue of competency shall be filed with the Court, with copies also provided to defense counsel and the United States Attorney, as required by 18 U.S.C. § 4247(c).

**IT IS FURTHER ORDERED** that the placement of Defendant for this psychological or psychiatric examination be decided by the Bureau of Prisons.

**SO ORDERED**.

Signed: January 13, 2026

David C. Keesler
United States Magistrate Judge