IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:25-CR-00300-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DECARLOS DEJUAN BROWN JR., | |
| Defendant. | |

This matter is before the Court to clarify an earlier Preliminary Protective Order which prohibited the Charlotte-Mecklenburg Police Department and any other governmental agency in possession of specified materials—including, but not limited to, the investigative file—from releasing them to any third party absent prior authorization from the Court. *See* Doc. No. 61 (the "Order"). In response to that Order, the House Oversight Committee of the North Carolina General Assembly, which is broadly investigating public safety in Charlotte, requested an opportunity to be heard and asserted that the Order is invalid and unconstitutional. Doc. No. 71 ¶ 9. The Committee further expressed concern that the Order could have a chilling effect on its ability to carry out its legislative responsibilities. *Id.* ¶ 8.

The Court held the requested hearing on February 11, 2026. At the hearing, the Court emphasized that it is mindful of the competing interests at stake and does not seek to interfere with the General Assembly or its legitimate and important functions, nor does it intend to intrude upon the jurisdiction of the state courts, which operate under their own different statutory and procedural frameworks. At the same time, the Court expressed again its intent to fulfill its independent

1

obligation to protect the integrity of this federal criminal proceeding and to safeguard the dignity and privacy of the victim's family and potential witnesses.

The genesis of the Order was Defendant's belief and concern that the House Oversight Committee had received or would soon receive a copy of the criminal investigatory file related to the August 22, 2025, incident underlying the indictment in this case. However, the Parties represented to the Court during the hearing that neither CMPD nor the District Attorney's Office has released any materials covered by the Order —including, but not limited to, the investigative file—to the House Oversight Committee. Therefore, the Parties and the House Oversight Committee all agreed that the portion of the Order specifically referencing the Committee's ability to disclose or release such materials is moot (to the extent it was ever applicable). *See* Doc. No. 61 at 4 ("IT IS FURTHER ORDERED that *to the extent* the Charlotte-Mecklenburg Police Department has already released the … criminal investigative files…") (emphasis added).

Accordingly, the Court clarifies that its Order is moot to the extent it prohibits the House Oversight Committee and other specified governmental entities from disclosing files they have not received. Except as modified herein, the Court's Order remains unchanged, and the Court reiterates its prohibition on the Charlotte Mecklenburg Police Department or any other governmental body from releasing information or materials covered by the Order to any individual or entity without prior authorization from the Court.

**SO ORDERED.**
Signed: February 11, 2026

Kenneth D. Bell
United States District Judge