UNITED STATES OF AMERICA,

      Plaintiff,

    v.

DECARLOS DEJUAN BROWN, JR.,

      Defendant.

DOCKET NO. 3:25-cr-300-KDB-DCK

## DEFENSE MOTION FOR COMPETENCY HEARING AND MEMORANDUM IN SUPPORT OF A FINDING OF INCOMPETENCE

DeCarlos Brown suffers from serious mental illness and impairments. Our Constitution requires that, before he can be tried, or possibly sentenced to death, he must first be capable of proceeding in his criminal case. Now, federal examiners with the Department of Justice-Bureau of Prisons have determined that Mr. Brown's mental illness and impairments make him currently incapable of proceeding in his federal criminal case. This Court should now set a hearing, find Mr. Brown incompetent, and remand him into the custody of the Attorney General for secure hospitalization and treatment.

## I.    Background

For years, Mr. Brown has suffered from debilitating mental illness and impairment. He experiences delusions that center around his belief that he was exposed to a Material and it "control[s] his every movement."[1] He refers to it as his Body Emergency. The delusions are constant and persistent.

---

[1] https://www.charlottenc.gov/cmpd/News-Information/Newsroom/BWC-Video-Released-After-Suspect-Charged-with-Misuse-of-911-11.25 .

Mr. Brown sought help, many times, for his delusions. He made reports to law enforcement asking them to investigate how he was exposed to the Material. He was consistent in his reports to those agencies that he believed he was the victim of a crime—his unwillingly exposure to the Material. Law enforcement did not help him and instead arrested him for abusing 911. Mr. Brown then turned to mental health and medical providers, unsuccessful in his hope that they could assist with removing the Material from his body. Mr. Brown's delusions persisted, because in a broken mental health and criminal justice system, he was unable to get the help he needed and repeatedly asked for.

The fact of Mr. Brown's mental illness, and the impact his mental illness has on his federal criminal case, is the issue currently before this Court today.

Following the tragic death of I.Z., the State of North Carolina charged Mr. Brown with her murder. Recognizing his apparent mental illness, he was ordered for a competency evaluation.

In the meantime, the federal government made the unusual decision to file a rarely-used criminal charge against Mr. Brown, alleging Violence Against a Railroad Carrier and Mass Transportation System Resulting in Death.[2] Mr. Brown faces the death penalty if convicted in federal court.[3] Mr. Brown's defense team had similar concerns about Mr. Brown's competence to proceed and asked for him to undergo an evaluation.

In January 2026, State of North Carolina mental health professionals filed a forensic evaluation finding Mr. Brown "incapable to proceed" with his state criminal case.

---

[2] 18 U.S.C. §1992.
[3] 18 U.S.C. §§ 3591, 3592.

Now, federal mental health examiners with the Department of Justice-Bureau of Prisons have filed a forensic evaluation, under seal. The evaluation finds that Mr. Brown is not competent to proceed in his federal case, because:

(1) Mr. Brown has a mental illness … and a mental defect;

(2) Mr. Brown does not have a factual understanding of the legal system or his legal situation because of his mental illness;

(3) Mr. Brown cannot make rational case-related decisions because of his mental illness; and,

(4) Mr. Brown cannot work with his defense attorneys because of his mental illness.

## II. This Court should issue an order finding Mr. Brown currently incompetent to proceed in his federal case.

Our Constitution requires that when a defendant like Mr. Brown is too mentally ill and impaired to understand the nature and consequences of the criminal case against him, or to work with his defense team, he cannot be tried or sentenced to death.[4]

Because federal mental health professionals have now filed a report explaining that Mr. Brown is currently incompetent to proceed in his federal case, this Court must schedule a hearing.[5] At that hearing, the Court should find the evidence overwhelming that Mr. Brown is not currently competent to move forward with his federal criminal case.[6] And, because it is required by law, the Court also should order Mr. Brown into the

---

[4] *See Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966); *Dusky v. United States*, 362 U.S. 402 (1960); *Medina v. California*, 505 U.S. 437 (1992). *See Ford v. Wainwright*, 477 U.S. 399 (1986); *Panetti v. Quarterman*, 551 U.S. 930 (2007).
[5] A preponderance of the evidence supports the conclusion that Mr. Brown "is presently suffering from a mental disease or defect rending him mentally incompetent" as defined by 18 U.S.C. § 4241(c) and (d).
[6] The state mental health professionals reached the same conclusion, that Mr. Brown is incapable of proceeding in his state proceedings. The state process is independent from the federal case.

3

custody of the Attorney General for secure hospitalization for no more than four months. The four-month period—as required by law—will give mental health professionals time to determine whether Mr. Brown is likely to become competent to continue with his federal criminal case.[7] If Mr. Brown is restored to competence after that time, he will be discharged back to the jail and the court will set a date for trial or other appropriate proceedings in the criminal case. If Mr. Brown is not restored to competence within the four-month period— but medical professionals believe he will soon become competent—he may remain hospitalized for a limited period of time. A defendant's hospitalization to attempt his restoration to competence cannot be indefinite.[8]

### III. Mr. Brown's commitment for competency restoration does not mean he will be released from jail or that his criminal case is at an end.

Mr. Brown's attorneys wish to be clear, in this public filing, that a finding that Mr. Brown is currently incompetent does not mean he will be released from jail. Under any of the above scenarios, he will remain either psychiatrically hospitalized in a secure prison medical facility or he will remain incarcerated once he becomes competent.

A finding of incompetence also does not mean that Mr. Brown's federal criminal case has ended. Mr. Brown will be sent to a secure facility for treatment. If he is restored to competence, he will return to court and he will face the criminal charge against him.

Similarly, Mr. Brown's case in the state court has not ended. The federal government took custody of Mr. Brown from the State of North Carolina when it brought federal charges. The state criminal case is, for all intents and purposes, paused

---

[7] Under the statute, there must be a "substantial probability in the foreseeable future" that Mr. Brown "will attain the capacity to permit the proceedings to go forward."

[8] *Jackson v. Indiana*, 406 U.S. 715 (1972).

4

because the State of North Carolina no longer has custody of Mr. Brown. Once the federal case is concluded, the State of North Carolina may continue with its criminal case against Mr. Brown.

DATED: May 7, 2026

Respectfully submitted:

/s/ Megan C. Hoffman
Megan C. Hoffman
First Assistant Federal Public Defender
Federal Public Defender, WDNC
129 W. Trade St., Ste. 300
Charlotte, NC 28202
Tel: (704) 374-0720
megan_hoffman@fd.org

s/ Joshua Snow Kendrick
Joshua Snow Kendrick (9037)
Learned Counsel
KENDRICK & LEONARD, P.C.
7 Mills Avenue (29605)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

5